IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELANIE PATTERSON,** )<br>)<br>  **Plaintiff,** )<br>) Case No. 2:19-cv-09234<br>**v.** )<br>)<br>**GREENBRIER HOSPITAL, LLC,** )<br>)<br>  **Defendant.** ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Greenbrier Hospital, LLC ("Greenbrier") answers the Complaint of Plaintiff Melanie Patterson as follows:

1. Greenbrier admits Plaintiff's Complaint purports to allege violations of the Louisiana Whistleblower Law but denies she has stated any viable claim under that statute against it.

2. Upon information and belief, Greenbrier admits the allegations of Paragraph 2a. Greenbrier further admits that it is a Louisiana limited liability company, which operates the Covington Behavioral Health Hospital ("CBH Hospital") and that CT Corporation System is its registered agent.

3. Greenbrier admits that it hired Plaintiff as an Infection Control Nurse at CBH Hospital on August 15, 2017.

4. Greenbrier admits that it is a limited liability company whose sole member is Acadia Healthcare Company, Inc. Greenbrier admits it was Plaintiff's employer.

5. Greenbrier admits that Plaintiff served as CBH Hospital's Infection Control Officer and National Healthcare Safety Network Administrator.

6. Greenbrier admits that as CBH Hospital's Infection Control Officer and National Healthcare Safety Network Administrator, Plaintiff was given access to the CDC's Secure Access Management Services.

7. Greenbrier admits that the CDC's National Healthcare Safety Network is a widely used healthcare-associated infection tracking system.

8. Greenbrier admits that Plaintiff's job duties included overseeing and implementing CBH Hospital's infection control practices.

9. Greenbrier admits that Plaintiff has accurately quoted portions of CBH's Infection Control Program policy in Paragraph 9.

10. Greenbrier admits that Plaintiff's job involved attending daily meetings with the administrative team for CBH Hospital at which she was supposed to report on her inspections.

11. Greenbrier admits the allegations of Paragraph 11.

12. Greenbrier admits the allegations of Paragraph 12.

13. Greenbrier admits that Plaintiff's 90 Day Evaluation states that she "reports infections as appropriate" and "gives guidance to staff by educating regarding documentation and environmental infection control requirements." Greenbrier admits that Plaintiff was then given a rating of 5 for "General Attitude."

14. Greenbrier denies the allegations in Paragraph 14 as stated. Greenbrier admits that part of Plaintiff's job duties involved monitoring CBH Hospital's kitchen for health and safety issues. Greenbrier denies that she was required to perform daily audits of the kitchen.

15. Greenbrier denies the allegations of Paragraph 15.

16. Greenbrier denies the allegations of Paragraph 16.

17. Greenbrier denies the allegations in Paragraph 17 as stated. Greenbrier admits that on or around June 2018, a piece of expired ham was discovered at CBH Hospital. Greenbrier denies the ham was consumed by any patient and denies that Plaintiff brought the matter to anyone's attention as Plaintiff was brought in after the expired ham had already been discovered.

18. Greenbrier denies the allegations in Paragraph 18 as stated. Plaintiff was asked several questions by Jennifer Braly as part of her investigation. Greenbrier denies that this questioning was "aggressive[]."

19. Greenbrier admits the allegations of Paragraph 19.

20. Upon information and belief, Greenbrier denies the allegations of Paragraph 20.

21. Greenbrier denies the allegations of Paragraph 21 as stated. Greenbrier admits that Plaintiff's internal audits discussed several aspects of the condition of the kitchen at the facility that she thought were flawed. Greenbrier denies that Plaintiff reported any violation of law or that Greenbrier in fact violated any law in the condition of its kitchen.

22. Greenbrier denies the allegations in Paragraph 22 as stated. Greenbrier admits that on one day in June 2018, several kitchen staff failed to appear for work. As a result, Plaintiff along with numerous other employees at CBH Hospital, including Billie Whittington, Wes Crawford, and Linda Silcox, served food to patients. Greenbrier denies that Plaintiff ever cooked food that was served to patients.

23. Upon information and belief, Greenbrier denies the allegations of Paragraph 23.

24. Greenbrier denies the allegations of Paragraph 24.

25. Greenbrier denies the allegations of Paragraph 25.

26. Greenbrier denies the allegations of Paragraph 26.

27. Greenbrier denies the allegations of Paragraph 27.

28. Greenbrier denies the allegations of Paragraph 28 as stated.  Greenbrier admits that one of Plaintiff's job duties was to conduct Tuberculosis tests.  Greenbrier denies that only Plaintiff could perform such tests or that Plaintiff was ever prevented from performing such tests.

29. Greenbrier denies the allegations of Paragraph 29.

30. Greenbrier denies the allegations of Paragraph 30.

31. Greenbrier admits that CBH Hospital policy and DHH regulations require staff to have a documented negative Tuberculosis test to work in the facility.

32. Greenbrier denies the allegations of Paragraph 32 as stated.  Greenbrier admits that Plaintiff's internal audits discussed several aspects of patient care at the facility that she thought were flawed.  Greenbrier denies that Plaintiff reported any violation of law or that Greenbrier in fact violated any law in its patient care.

33. Greenbrier denies the allegations of Paragraph 33.

34. Greenbrier denies the allegations of Paragraph 34.

35. Greenbrier denies the allegations of Paragraph 35.

36. Upon information and belief, Greenbrier denies the allegations of Paragraph 36.

37. Greenbrier is without knowledge of the allegations of Paragraph 37 and therefore denies them.

38. Greenbrier denies the allegations of Paragraph 38.

39. Greenbrier denies the allegations of Paragraph 39.

40. Greenbrier denies the allegations of Paragraph 40.

41. Greenbrier admits that Plaintiff's employment was terminated on July 10, 2018 in part because of her repeated inability to communicate in a tactful and respectful manner with CBH Hospital staff, which Wes Crawford and others had coached her about on several occasions.

42. Greenbrier admits that Plaintiff stated at the time of her termination that she had never been written up or informed of her inappropriate behavior. Greenbrier denies that her statement was true.

43. Greenbrier denies the allegations of Paragraph 43 as stated. Greenbrier admits that Jennifer Braly reminded Plaintiff of the numerous occasions when she was coached by Wes Crawford and others for her inappropriate behavior in response to her statement that such occasions had never occurred. Greenbrier denies this reminder constituted "aggressive[] question[ing]."

44. Upon information and belief, Greenbrier denies the allegations of Paragraph 44.

45. Greenbrier denies the allegations of Paragraph 45.

46. Greenbrier admits the allegations of Paragraph 46.

47. Greenbrier admits that Plaintiff was sent a cease and desist letter after she repeatedly harassed CBH Hospital staff following her termination. Greenbrier denies the remaining allegations of Paragraph 47.

48. Greenbrier admits the allegations of Paragraph 48.

49. Upon information and belief, Greenbrier denies the allegations of Paragraph 49.

50. Greenbrier admits that jurisdiction and venue are proper in this Court for Plaintiff's claims. Greenbrier denies that Plaintiff has stated any viable claim against it.

51. Greenbrier incorporates its responses to Paragraphs 1–50 as if fully stated herein.

52. Greenbrier admits that Plaintiff has accurately quoted a portion of LA. REV. STAT. § 23:967 and denies that Greenbrier violated any portion of it.

53. Greenbrier admits that Plaintiff has accurately quoted a portion of LA. REV. STAT. § 23:967 and denies that Greenbrier violated any portion of it.

54. The allegations of Paragraph 54 state a legal conclusion and do not require a response.

55. Greenbrier denies the allegations of Paragraph 55.

56. Greenbrier denies the allegations of Paragraph 56.

57. Greenbrier denies the allegations of Paragraph 57.

58. Greenbrier denies the allegations of Paragraph 58.

59. Greenbrier denies the allegations of Paragraph 59.

60. Greenbrier is without knowledge of the allegations of Paragraph 60 and therefore denies them.

61. Greenbrier denies the allegations of Paragraph 61.

62. Greenbrier denies the allegations of Paragraph 62.

63. Greenbrier denies the allegations of Paragraph 63.

64. Greenbrier incorporates its responses to Paragraphs 1–63 as if fully stated herein.

65. The allegations of Paragraph 65 state a legal conclusion and do not require a response.

66. The allegations of Paragraph 66 state a legal conclusion and do not require a response.

67. The allegations of Paragraph 67 state a legal conclusion and do not require a response.

68. The allegations of Paragraph 68 state a legal conclusion and do not require a response.

69. The allegations of Paragraph 69 state a legal conclusion and do not require a response.

70. Greenbrier denies the allegations of Paragraph 70.

71. Upon information and belief, Greenbrier denies the allegations of Paragraph 71.

72. Upon information and belief, Greenbrier denies the allegations of Paragraph 72.

73. Greenbrier denies the allegations of Paragraph 73.

74. Greenbrier denies the allegations of Paragraph 74.

75. Greenbrier denies the allegations of Paragraph 75.

76. Greenbrier denies the allegations of Paragraph 76.

77. Greenbrier incorporates its responses to Paragraphs 1–76 as if fully stated herein.

78. Greenbrier denies the allegations of Paragraph 78.

79. The allegations of Paragraph 79 state a legal conclusion and do not require a response.

80. The allegations of Paragraph 80 state a legal conclusion and do not require a response.

81. Greenbrier denies the allegations of Paragraph 81.

82. Greenbrier denies the allegations of Paragraph 82.

83. Greenbrier denies the allegations of Paragraph 83.

84. Greenbrier denies the allegations of Paragraph 84.

85. Greenbrier admits that Plaintiff has requested a jury trial on her claims and denies that Plaintiff is entitled to relief under any asserted legal theory.

86. Greenbrier denies all allegations not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the Complaint, Greenbrier hereby sets forth the following affirmative and other defenses:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, but without limitation, Greenbrier has not violated any state law, Plaintiff did not refuse to participate or threaten to disclose such a violation, and Plaintiff was not terminated for any such refusal or threat. Further, Greenbrier has not published to a third party any false or defamatory statement about Plaintiff, with or without malice, that resulted in any injury to

Plaintiff. Finally, Plaintiff has not suffered any serious emotional or mental distress as a result of any action or inaction by Greenbrier.

## SECOND DEFENSE

The Complaint must be dismissed to the extent that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## THIRD DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff is barred from recovering any damages that she has failed to mitigate or which she caused.

## FOURTH DEFENSE

Any alleged unlawful actions by current or former employees of Greenbrier were undertaken outside the course and scope of their employment and were not condoned, authorized, or ratified by Greenbrier.

## FIFTH DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff is barred from recovering any damages that she has failed to mitigate, or which she caused, or for any period of time in which she did not make reasonable efforts to find comparable employment subsequent to the separation of her employment at CBH Hospital.

## SIXTH DEFENSE

Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Greenbrier discovers after-acquired evidence of wrongdoing by Plaintiff.

**SEVENTH DEFENSE**

Without admitting that Plaintiff suffered any damages, Greenbrier is entitled to a setoff against any recovery by Plaintiff in the amount of money she received from any source subsequent to her departure from Greenbrier.

**EIGHTH DEFENSE**

Plaintiff's claim for compensatory and punitive damages must be dismissed, in whole or in part, because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages. Greenbrier denies that it has engaged in any conduct that would entitle Plaintiff to recover punitive damages.

**NINTH DEFENSE**

The Complaint must be dismissed as to each and every allegation and/or claim made or sought to be made that is barred by the applicable statute of limitations.

**TENTH DEFENSE**

Greenbrier is entitled to indemnity or contribution from any third party persons or entities, whether or not named as a party to this action, who caused or contributed to the losses or damages claimed by Plaintiff in this action.

**ELEVENTH DEFENSE**

Without admitting that Plaintiff suffered any damages, Plaintiff has not pled facts sufficient to show Greenbrier acted toward Plaintiff with oppression, fraud, or malice. In the alternative, punitive damages may not be assessed against Greenbrier for the act of any employee unless Greenbrier authorized, ratified, or should have anticipated the conduct in question.

**TWELFTH DEFENSE**

Plaintiff's damages, if any, are the result of Plaintiff's own conduct or the conduct of third parties for whom Greenbrier is not legally responsible.

**THIRTEENTH DEFENSE**

Any claim for equitable relief must be dismissed because Plaintiff has failed to plead facts to support the availability of such relief.

WHEREFORE, having fully answered the Complaint, Greenbrier requests that the Complaint be dismissed with prejudice, that it be awarded its costs and expenses in the amount and manner permitted by applicable law, and that the Court award such other and fair relief as is just and proper.

Respectfully submitted:

/s/ *Matthew M. McCluer*
Matthew M. McCluer (La. Bar No. 33970)
BREAZEALE, SACHSE & WILSON, LLP
909 Poydras Street, Suite 1500
New Orleans, Louisiana, 70112
Phone: 504-584-5469
matthew.mccluer@bswllp.com

Mark W. Peters (*pro hac vice* forthcoming)
Frederick L. Conrad III (*pro hac vice* forthcoming)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee, 37219-8966
Phone: 615-244-6380
mark.peters@wallerlaw.com
trip.conrad@wallerlaw.com

*Counsel for Greenbrier Hospital, LLC*

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint has been served via CM/ECF to:

     Galen M. Hair
     John E. Bicknell, Jr.
     Scott, Vicknair, Hair & Checki, LLC
     909 Poydras Street, Suite 1100
     New Orleans, LA 70112
     hair@svhclaw.com
     bicknell@svhclaw.com

     *Counsel for Plaintiff*

on this the 22nd day of April, 2019.

     /s/ *Matthew M. McCluer*_____
     Matthew M. McCluer